UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTE MOORE, individually and on behalf of other similarly situated employees, <br><br> Plaintiffs, <br><br> v. <br><br> HIGHER BRIDGE ASSOCIATES, INC. <br><br> Defendants. | Case No. 19-cv-6240 <br><br> **Jury Trial Demanded** <br><br> **Collective Action** |

# COMPLAINT

## SUMMARY

1. Higher Bridge Associates, Inc. (HBA) failed to pay Monte Moore (Moore) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, HBA paid Moore and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. Moore brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Moore resides in Joliet, Illinois in this District and Division.

6. Venue is also proper in this Court because HBA conducts substantial business in this District and Division.[1]

## THE PARTIES

7. During the relevant period, Moore was an hourly employee of HBA. Throughout his employment with HBA, Moore was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

8. Moore's written consent is attached herein as Exhibit A.

9. Moore brings this Action on behalf of himself and other similarly situated workers who were paid by HBA's "straight time for overtime" system.

10. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of High Bridge Associates, Inc. during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

11. Moore seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

12. HBA is a Georgia Corporation conducting business nationwide, including Illinois, and may be served with process by serving its registered agent, Business Filings Incorporated at 118 W Edwards St., Suite 200, Springfield, Illinois 62704.

## COVERAGE UNDER THE FLSA

13. At all times hereinafter mentioned, HBA was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

---

[1] Specifically, HBA staffs workers to Braidwood Nuclear Generating Station.

14. At all times hereinafter mentioned, HBA was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, HBA was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $5,000,000 (exclusive of excise taxes at the retail level which are separately stated).

16. HBA has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

17. At all times hereinafter mentioned, Moore and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

18. HBA provides staffing services for companies in the nuclear, fossil, fusion, and science energy projects throughout the United States and abroad.

19. In order to provide services to its clients, HBA hires employees it pays on an hourly basis.

20. Moore worked as a Scheduler for HBA from February 2018 until November 2018.

21. Moore worked for HBA in Louisiana.

22. Moore was staffed by HBA to Entergy.

23. While working for HBA, Moore was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

24. Moore coordinated or scheduled outages.

25. Moore reported his hours to HBA.

26. Moore received a paycheck from HBA.

27. Moore was paid $85 an hour for every approved hour worked.

28. Moore was an hourly employee of HBA.

29. Moore was not paid a guaranteed salary.

30. If Moore worked under 40 hours, he was only paid for the hours he worked.

31. For example, in the one-week period ending on July 1, 2018, Moore worked 36 hours.

32. During that week, Moore was paid his hourly rate of $85 an hour for every hour he worked.

33. But Moore would work more than 40 hours in a week.

34. In fact, Moore routinely worked 50 or more hours a week.

35. The hours Moore worked are reflected in HBA's payroll records.

36. HBA paid Moore the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

37. HBA did not pay Moore overtime for all hours worked in excess of 40 hours in a single workweek.

38. Rather than receiving time and a half as required by the FLSA, Moore only received "straight time" pay for overtime hours worked.

39. This "straight time for overtime" payment scheme violates the FLSA.

40. HBA was aware of the overtime requirements of the FLSA.

41. HBA nonetheless failed to pay certain hourly employees, such as Moore, overtime.

4

42. Moore and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

43. Moore and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

44. Moore and the Putative Class Members regularly worked in excess of 40 hours each week.

45. HBA did not pay Moore and the Putative Class Members on a salary basis.

46. HBA paid Moore and the Putative Class Members "straight time for overtime."

47. HBA failed to pay Moore and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

48. HBA knew, or acted with reckless disregard for whether, Moore and the Putative Class Members were paid on a salary basis.

49. HBA's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

50. The illegal pay practices HBA imposed on Moore were imposed on the Putative Class Members.

51. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

52. Numerous other individuals who worked with Moore were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

53. Based on his experiences and tenure with HBA, Moore is aware that HBA's illegal practices were imposed on the Putative Class Members.

54. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

55. HBA's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

56. Moore's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

58. Moore has no interests contrary to, or in conflict with, the Putative Class Members.

59. Like each Putative Class Member, Moore has an interest in obtaining the unpaid overtime wages owed under federal law.

60. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by HBA.

61. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and HBA will reap the unjust benefits of violating the FLSA.

63. Furthermore, even if some Putative Class Members could afford individual litigation against HBA, it would be unduly burdensome to the judicial system.

64. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to HBA, and to the Court.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

66. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether HBA required Moore and the Putative Class Members to work more than 40 hours during individual work weeks;

    b. Whether HBA's decision to pay Moore and the Putative Class Members straight time for overtime was made in good faith;

    c. Whether HBA paid Moore and the Putative Class Members on a salary basis;

    d. Whether HBA failed to pay Moore and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    e. Whether HBA's violation of the FLSA was willful; and

    f. Whether HBA's illegal pay practices were applied to Moore and the Putative Class Members.

67. Moore and the Putative Class Members sustained damages arising out of HBA's illegal and uniform employment policy.

68. Moore knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

69. Moore will fairly and adequately represent and protect the interests of the Putative Class Members.

70. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSE OF ACTION

71. By failing to pay Moore and the Putative Class Members overtime at one-and-one-half times their regular rates, HBA violated the FLSA's overtime provisions.

72. HBA owes Moore and the Putative Class Members overtime pay at the proper overtime rate.

73. Because HBA knew, or showed reckless disregard for whether, its pay practices violated the FLSA, HBA owes these wages for at least the past three years.

74. HBA is liable to Moore and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

75. Moore and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

76. Moore demands a Jury trial.

## PRAYER

77. Moore prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the Putative Class Members;

    b. A judgment finding HBA liable to Moore and the Putative Class Members for unpaid overtime and an equal amount as liquidated damages;

    c. An order awarding attorneys' fees, costs, expenses, and judgment interest; and

    d. An award of such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Date: September 18, 2019                              s/Douglas M. Werman
                                                      One of Plaintiffs' Attorneys

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
**Werman Salas P.C.**
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008

      **AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
Texas State Bar No. 24056278
rschreiber@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

      **AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**